United States District Court
Southern District of Texas

**ENTERED**
September 19, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALAIN ALEXIS VALDES, | § | |
| (Inmate # 03061114) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-23-2568 |
| | § | |
| KELA MARNESSE HART, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Alain Alexis Valdes, (Inmate # 03061114), is a pretrial detainee in the Harris County Jail.  Representing himself, he filed an unsigned civil rights complaint under 42 U.S.C. § 1983, alleging that the defendant, his common law wife, had taken his money and property. (Docket Entry No. 1).  He also filed a motion to proceed without prepaying the filing fee, together with a certified copy of his inmate trust fund account statement.  (Docket Entry Nos. 2, 3).  Because Valdes is currently incarcerated, the court is required to closely examine his claims and dismiss the complaint in whole or in part if it determines that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).  After reviewing Valdes's complaint, the court dismisses his action.  The reasons are explained below.

I.      **Discussion**

A.      **Noncompliance with a Court Order**

Valdes filed his complaint using the form complaint intended for use by prisoners who are alleging civil rights claims under § 1983.  The form complaint requires the plaintiff to declare under penalty of perjury that the allegations in the complaint and any attachments are true.  In addition, Federal Rule of Civil Procedure 11 requires that every "pleading, written motion, or other

paper must be signed" by the party if the party is representing themselves.  *See* FED. R. CIV. P. 11(a).  The rule also requires the court to "strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."  *Id.*

Valdes did not sign his complaint.  (Docket Entry No. 1, p. 5).  Because the complaint was unsigned, the court notified Valdes that his complaint was deficient, ordered him to file a signed amended complaint within thirty days, and provided him with a copy of his unsigned complaint. (Docket Entry No. 5).  The court warned Valdes that failing to comply with the court's order could result in dismissal of his action without further notice under Federal Rule of Civil Procedure 41(b). (*Id.*).

To date, Valdes has not filed a signed amended complaint as ordered, and his time to do so under the court's order has expired.  Valdes's failure to take any action forces the court to conclude that he lacks due diligence.  Valdes's unsigned complaint is stricken, and dismissal for want of prosecution is appropriate.  *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (a district court may dismiss an action on its own for failure to prosecute or to comply with any court order).

### B.     Merits

Even if Valdes had signed his complaint, the court would dismiss this action because his allegations do not state a claim upon which relief can be granted.  Valdes alleges that his common law wife, Kela Marnesse Hart, has "raped my assets, neglected life, and abandoned me." (Docket Entry No. 1, p. 3).  Valdes alleges that Hart made decisions that resulted in him losing his property, his legal documents, his clothing, and his car.  (*Id.* at 4). He asks the court to make Hart pay damages as a result of "her lack of responsibility."  (*Id.* at 4).

To state an actionable § 1983 claim, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution, a federal statute, or both.  *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003).  To act "under color of state law," the defendant must be either an officer of the state or "a willful participant in joint action with the State or its agents."  *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see also Knick v. Twp. of Scott, Pa.*, 139 S. Ct. 2162, 2167 (2019) (section 1983 provides "a federal forum for claims of unconstitutional treatment at the hands of state officials").  Without joint action with a state agent or official, a private individual does not act "under color of state law" for purposes of an action under § 1983.

Valdes does not allege any facts tending to show that Hart is a state official or that she acted jointly with state officials to deprive him of his rights under federal law.  The complaint does not state a cause of action under § 1983 against Hart, and Valdes's claims against her are dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.  This dismissal is without prejudice to Valdes pursuing his claims against Hart in state court if he wishes to do so.

## II.     Conclusion

Valdes's complaint, (Docket Entry No. 1), is dismissed without prejudice for want of prosecution.  Any pending motions, including Valdes's motion to proceed without prepaying the filing fee, (Docket Entry No. 2), are denied as moot.

SIGNED on September 19, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3